Mr. Ross, *pro quer.*

## AT NISI PRIUS, AT NEWTOWN, SEPTEMBER ASSIZES, 1797.

CORAM, M'KEAN, CHIEF JUSTICE, AND YEATES.

---

RICHARD FENN lessee of JOHN PROUL *against* JOHN KEIGLER.

Defendant to effect delay, shall not remove the cause by *habeas corpus*, returnable on the second return day of the succeeding term.

THIS cause had been removed at the last court of Common Pleas for Bucks county, held in August last, by *habeas corpus*, returnable on the last day of September term. The now defendant had removed some other suits at the same time, wherein the title to the lands came in question, by *certiorari*, returnable on the first day of the term. In the present action, the plaintiff had taken out a *distringas*, to be made use of, in case the court should be of opinion that it could regularly issue.

Mr. Condy for the defendant, objected, that the *distringas* had issued irregularly. There was no intermediate period wherein a *venire facias* might be filed. The act of assembly of

18th April 1795, (3 Dall. Laws, 770,) fully justified the defendant in making the writ of removal returnable on the last day of the term, and puts it in the election of the party suing out the process, to choose the return day.

Mr. Wilcocks for the plaintiff, insisted, that it never could be the intention of the legislature to permit the same party, by a system of management, to postpone the trial of a suit against himself, and in the same moment to accelerate the actions wherein he was plaintiff.

By the court. The plaintiff should have applied in bank. Here we can give him no redress. It would be manifest error to try this cause where the *teste* of the writs of the *venire facias*, and *distringas juratores*, must necessarily be on the same day.

But we think it very clear, that the *habeas corpus* issued erroneously. The express design of the act was to obviate "delays and inconvenience, as well in the commencement as in the prosecution of suits and proceedings in the Supreme Court." To sanctify the present removal, would be in effect the establishment of a system of delay unknown to the law before, and a deviation from the declared objects of the legislature. The generality of the words of the act has been restricted by a former decision, and we then thought it could not be the intention of the legislature to accelerate the sale of lands, or fix special bail at an earlier period, by a double return day in the same term. In the present instance, the reasonable import of the expressions may be satisfied by a construction different from that set up by the the defendant. In mesne process, you cannot overleap a term from the test of the writ, but it is otherwise in executions. 2 Bl. Rep. 846. 2 Ld. Raym. 776. 2 Salk. 700.

The causes wherein the present defendant was plaintiff were agreed to be continued, as well as the present suit.